# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : |
| | : CIVIL ACTION NO. 2:12-cv-00767-AB |
| Plaintiff, | : |
| v. | : |
| REID BUERGER, et al. | : |
| Defendants. | : |

---

| | |
|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : |
| | : CIVIL ACTION NO. 2:12-cv-00768-AB |
| Plaintiff, | : |
| v. | : |
| ALAN BUERGER, et al. | : |
| Defendants. | : |

---

| | |
|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : |
| | : CIVIL ACTION NO. 2:12-cv-03505-AB |
| Plaintiff, | : |
| v. | : |
| REID BUERGER, et al. | : |
| Defendants. | : |

## **ORDER**

AND NOW this _____ day of _____, 2012, the Court, having considered Defendants, Reid Buerger, Krista Buerger, Harner Management, LLC, Harner Realty 1, LLC, Mathers Road, LP and 4301 Bayberry Drive, LLC, Alan Buerger, and Constance Buerger (hereinafter, collectively, "Defendants'") Motion for a Protective Order to Stay Discovery Pending Disposition of Defendants' Motions to Dismiss the Complaints of Plaintiff, Frankentek Residential Systems, LLC (hereinafter, "Frankentek" or "Plaintiff")

2

and Frankentek's opposition thereto;

IT IS HEREBY ORDERED, that Defendants' Motion is DENIED and that the parties should proceed with discovery in good-faith.

BY THE COURT:

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : : | CIVIL ACTION NO. 2:12-cv-00767-AB |
| Plaintiff, | : : | |
| v. | : : | |
| REID BUERGER, et al. | : : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : : | CIVIL ACTION NO. 2:12-cv-00768-AB |
| Plaintiff, | : : | |
| v. | : : | |
| ALAN BUERGER, et al. | : : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : : | CIVIL ACTION NO. 2:12-cv-03505-AB |
| Plaintiff, | : : | |
| v. | : : | |
| REID BUERGER, et al. | : : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION
FOR A PROTECTIVE ORDER TO STAY DISCOVERY**

For the reasons set forth in the accompanying Memorandum of Law, Plaintiff, Frankentek Residential Systems, LLC ("Frankentek"), hereby respectfully requests that this Court deny Defendants Reid Buerger, Krista Buerger, Harner Management, LLC, Harner Realty 1, LLC, Mathers Road, LP and 4301 Bayberry Drive, LLC, Alan Buerger,

and Constance Buerger (hereinafter, collectively, "Defendants") Motion for a protective order staying all discovery in the above-captioned consolidated actions. The factual and legal grounds for this opposition are set forth in the accompanying Memorandum of Law, the entirety of which is incorporated herein by reference.

        Respectfully submitted,

        **COHEN, SEGLIAS, PALLAS,**
        **GREENHALL & FURMAN, P.C.**

        BY:  /s/ Edward Seglias
              Edward Seglias, Esquire
              Kathleen Morley, Esquire
              30 S. 17th Street, 19th Floor
              Philadelphia, PA 19103

        BY:  /s/ Mark J. Krum
              Mark Jay Krum, Esquire
              1500 JFK Boulevard. Suite 300
              Philadelphia, PA 19102

              *Counsel for Plaintiff,*
              *Frankentek Residential Systems, LLC*

Dated: November 9, 2012

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : : | CIVIL ACTION NO. 2:12-cv-00767-AB |
| Plaintiff, | : : | |
| v. | : : | |
| REID BUERGER, et al. | : : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : : | CIVIL ACTION NO. 2:12-cv-00768-AB |
| Plaintiff, | : : | |
| v. | : : | |
| ALAN BUERGER, et al. | : : | |
| Defendants. | : | |

---

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL SYSTEMS, LLC, | : : : | CIVIL ACTION NO. 2:12-cv-03505-AB |
| Plaintiff, | : : | |
| v. | : : | |
| REID BUERGER, et al. | : : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION
TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff, Frankentek Residential Systems, LLC ("Frankentek"), by and through its undersigned counsel, hereby submits the following brief and memorandum of law in response and opposition to Defendants, Reid Buerger, Krista Buerger, Harner Management, LLC, Harner Realty 1, LLC, Mathers Road, LP and 4301 Bayberry Drive,

LLC, Alan Buerger, and Constance Buerger (hereinafter, collectively, "Defendants") Motion to Stay Discovery.  For the reasons set forth below, Defendants' Motion to Stay Discovery should be denied and the parties allowed to proceed with discovery.

Plaintiff filed its Complaints almost nine months ago requesting relief caused by the Defendants' breach for substantial services rendered at the Defendants' requests. When the parties appeared before this Court back in early June 2012 Defendants' counsel requested that all discovery be stayed at that time.  The Plaintiff opposed the Defendants' request and the Court agreed that discovery shall proceed in accordance with the Court's Rules.  The Plaintiff believes that discovery should be allowed to take place and the Defendants should be required to comply in good-faith with the Plaintiff's discovery requests.

## I. PRELIMINARY STATEMENT

Defendants have failed to make payments to Frankentek for work performed in an amount totaling well in excess of a million dollars.

As explained to the Court at the initial Case Management Conference on June 6, 2012, contrary to Defendants' claims, there are no grounds for dismissal of any of the claims in Frankentek's Complaints.  Defendants' arguments to the contrary lack merit, and Defendants should not be permitted to prejudice Plaintiff and delay appropriate discovery which the Plaintiff is entitled to and which will support its claims.

## II. FACTUAL BACKGROUND

On or about February 13, 2012, Frankentek commenced suit against Defendants by filing the Complaints in these actions.  See generally the Complaint filed in the instant action (Case No. 767) on February 13, 2012, Docket Number 1 (the "Complaint").  The

gravamen of Frankentek's Complaint arises from work that Frankentek performed for Defendants pursuant to oral agreements in connection with construction projects and/or improvements at four different properties (hereinafter, collectively, the "Properties"). See id. In the Complaint, Frankentek asserts seventeen (17) causes of action against Defendants relating to the work performed by Frankentek and outstanding payments in connection therewith totaling in excess of $1,148,960.69.  See id.  In particular, the Complaint alleges that the following amounts remain due and owing to Frankentek for work performed at the respective Properties:   (i) $645,355.37 outstanding for work performed at 4301 Bayberry Drive in Avalon, NJ (hereinafter, the "Bayberry Drive Property"); (ii) $464,628.24 outstanding for work performed at 225 Mathers Road in Ambler, PA (hereinafter, the "Mathers Road Property"); (iii) $32,001.01 outstanding for work performed at 6101 Sheaff Lane in Fort Washington, PA (hereinafter, the "Harner Farm Property"); and (iv) $6,976.07 outstanding for work performed at 91 Stenton Avenue in Plymouth Meeting, PA (hereinafter, the "Stenton Avenue Property").  See id.[1]

With respect to the outstanding balances for work performed by Frankentek at the Properties, Defendants failed and refused to pay Frankentek in excess of $1,148,960.69, which amounts were properly invoiced and are due and owing to Frankentek.  As a result, Frankentek has asserted breach of contract, quantum meruit and unjust enrichment claims for these unpaid balances in connection with each of the Properties.  Id. at Counts I-XV.

---

[1] In Case No. 768 the gravamen of Frankentek's Complaint arises from work that Frankentek performed for Defendants pursuant to oral agreements in connection with construction projects and/or improvements at three other properties (hereinafter, collectively, the "Other Properties"). In that Complaint (Case No. 768), Frankentek asserts fourteen (14) causes of action against Defendants relating to the work performed by Frankentek and outstanding payments in connection therewith totaling in excess of $335,098.92.

3

In addition, with respect to the three Pennsylvania properties, Frankentek has asserted claims for interest, penalties and attorneys' fees for violations of the Contractor and Subcontractor Payment Act, 73 P.S. § 501 *et seq.* (hereinafter, "CASPA"). Id. at Counts II, VI and X.  Lastly, Frankentek has asserted tort claims for interference with a contractual or business relationship and civil conspiracy relating to the Buerger Defendants' interfering with, and encouraging the termination of, the employment of a Frankentek employee.  Id. at Counts XVI-XVII.

Since early July 2012 Plaintiff's counsel has been wanting the Defendants to engage in meaningful discovery for *all* parties.  Having been unable to obtain any type of agreements from defense counsel for the exchange of discovery, in mid-September 2012 Plaintiff's counsel served discovery requests in accordance with the Rules of Court and this Court's prior scheduling order.

On September 16, 2012 Plaintiff, providing more than thirty (30) days *advance* notice, served the deposition notices of named defendants Reid Buerger (for Oct. 22), Constance Buerger (for Oct. 24), Alan Buerger (for Oct. 25), Krista Buerger (for Oct. 26), and for Defendants' employees Anthony Mastropiero (for Oct. 29), Dan Welte (for Oct. 30), and Andrew Brecher (for Oct. 31).

On September 17, 2012, Plaintiff served its First Notice for Discovery and Inspection of Documents (which set forth *only* 11 limited requests), and its First Set of Interrogatories (which set forth *only* 28 specific questions).

At *all* times Plaintiff's counsel assured Defendants' counsel that any reasonable requests for discovery extension(s) would be afforded as long as Defendants' would commit to providing and engaging in meaningful discovery.  In fact, Plaintiff has not

4

once denied any of the many requests for extensions of time that were made by defense counsel.

Contrary to Defendants' assertions in its Motion for a Stay, on October 23, 2012, Defendants' counsel requested another extension of time for an additional thirty days to respond to Plaintiffs' written discovery requests and for a postponement of all depositions pending the Court's ruling on Defendants' motions to dismiss. At that time Plaintiff's counsel stated that the Plaintiff would agree to the Defendants' thirty day request for an extension of time to respond to discovery as long as Defendants' would respond in good-faith to Plaintiffs' pending written discovery requests by the end of the additional thirty days without a further extension, and that the Defendants' would start to provide dates for deposition discovery to take place before the end of the year. Plaintiff's counsel also stated that he did "not want to keep agreeing to postpone discovery without any commitment by the Defendants to engage in meaningful discovery for both parties. And, that if it is [defense counsel's] intention to get an extension of thirty days to only then file a motion for a stay of discovery, that is not acceptable."

On October 23, defense counsel made clear that he was not willing to commit to any fixed discovery deadlines. On October 24, 2012, Defendants served their written responses to Plaintiff's discovery requests dated September 17, 2012. Plaintiff has informed defense counsel that the "vast majority of Defendants' responses are completely inadequate and not made in good-faith, and that [their] objections are unfounded." Plaintiff promptly requested that the Defendants' counsel provide dates for a meet and confer to attempt to resolve this dispute. A meet-and-confer is set for Monday, November 12.

### III.     LEGAL ARGUMENT

As Plaintiff stated to the Court on June 6, 2012, Defendants' should not be able to delay discovery and frustrate and prejudice Plaintiff from obtaining the evidence it needs to support its claims.

Unless this Court were to dismiss all of the Plaintiff's claims, absolutely none of the discovery requests made by the Plaintiff would be "narrowed" or "eliminated" as Defendants claim. Moreover, regardless of whether Krista Buerger is a named defendant or not, the Plaintiff is entitled to take her deposition pursuant to the facts alleged in its Complaint. The Defendants' assertion that "[s]hould the Court . . . [dismiss Krista Buerger as a Defendant] any need by Plaintiff to take discovery of Krista Buerger and/or discovery relating to any of these four claims will be completely mooted, meaning that dozens of existing or potential interrogatories, document requests, requests for admissions, deposition questions, and depositions in their entirety will be rendered completely unnecessary" is completely untrue and without any factual or legal support. The same is true with regard to defendants' reasoning for staying the Plaintiff's discovery requests concerning Anthony Mastropiero[2] and named Defendants' Alan and Constance Buerger.

---

[2] The Complaint also alleges that, at some time during the summer or fall of 2010, the Buerger Defendants, along with Reid Buerger's parents, engaged in a deliberate course of conduct in an attempt to encourage essential, valuable and highly skilled personnel of Frankentek, in particular Anthony Mastropiero, to terminate his employment with Frankentek and begin working directly for the Buerger Defendants. Id. at ¶ 56. Further, Frankentek alleges that the Defendants intentionally, deliberately and maliciously interfered with Mastropiero's contractual and/or business relationship with Frankentek by improperly, and without justification, encouraging Mastropiero to terminate its relationship with Frankentek, damaging Frankentek as a result. Id. at ¶¶ 151-154. Frankentek intends to discover additional evidence that the Buerger Defendants induced the termination of Mastropiero's relationship with Frankentek for the purpose of Mastropiero's disclosure of certain design, engineering and/or technical information necessary for the operation of the various electronic and audio-visual systems designed and installed by Frankentek for which the Buerger Defendants had not paid.

6

Lastly, Defendants' argument that the Court should stay discovery in this action pending the resolution of three state-court mechanics' lien actions is procedurally, substantively and factually flawed. First, as a threshold matter, Defendants have not filed a proper motion for a stay of this action, making this request procedurally flawed and improper. Second, Defendants have factually misrepresented the status and nature of the alleged pending lien actions. By yet again mischaracterizing the operative facts, Defendants suggest that there are three previously-filed mechanics' lien actions currently pending in state court. However, contrary to these claims, there are no actions currently pending in state court. While Frankentek did file mechanics' lien claims against the four Properties, as Defendants otherwise acknowledge in their Motion to Dismiss and Motion for a Stay of Discovery, Frankentek has not filed an action to foreclose upon or enforce any of those lien claims, thus negating any claim that there are currently actions pending with respect to those lien claims.

## IV. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay Discovery should be denied in its entirety and Defendants should be required to comply in good-faith with the Plaintiff's discovery requests and the parties should continue to proceed with discovery pursuant to the Rules.

        Respectfully submitted,

        **COHEN, SEGLIAS, PALLAS,**
        **GREENHALL & FURMAN, P.C.**

BY:  /s/ Edward Seglias
       Edward Seglias, Esquire
       Kathleen Morley, Esquire
       30 S. 17th Street, 19th Floor
       Philadelphia, PA 19103

BY:  /s/ Mark J. Krum
       Mark Jay Krum, Esquire
       1500 JFK Boulevard. Suite 300
       Philadelphia, PA 19102

       *Counsel for Plaintiff,*
       *Frankentek Residential Systems, LLC*

Dated: November 9, 2012

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Plaintiff's Response and Opposition to Defendants' Motion for a Stay of Discovery, along with the accompanying brief and Memorandum of Law in support of the same, were served on Friday, November 9, 2012 via the ECF system upon the following:

>F. Warren Jacoby, Esq.
>Chad E. Kurtz, Esq.
>Cozen O'Connor
>1900 Market Street
>Philadelphia, PA 19103
>*Counsel for Defendants*
>
>Mark Jay Krum, Esq.
>1500 JFK Boulevard, Suite 300
>Philadelphia, PA 19102
>*Co-counsel for Plaintiff*

BY:   /s/ Edward Seglias
       Edward Seglias, Esquire